UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOSHUA TERRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 3:18-CV-369 JD |
| | ) |
| SHARON HAWK, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Joshua Terry, a *pro se* prisoner, filed a complaint alleging that staff at the Miami Correctional Facility (Miami) failed to protect him from an attack by his cell mate. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

On April 28, 2017, Terry informed Case Manager Daniel Rich that his cell mate made numerous threats to cause him physical harm. Terry requested to be relocated,

-1-

but Rich told Terry that he could not do anything about relocating inmates at the prison. On May 1, 2017, Terry informed Rich and Officer Washington that his cell mate was continuing to physically threaten him and again requested a bed move. Rich said that he would send an email to classification requesting a bed move. ECF 1 at 3. Rich e-mailed Deputy Warden Sharon Hawk, simply writing that Terry was not getting along with his cell mate. ECF 1-1 at p. 5. Rich did not inform Hawk about any of the specific threats being made. Id. Based on that information, Hawk denied Terry's request to be relocated.

On May 3, 2017, Terry was laying in his bed when his cell mate walked in and threw boiling water from his hot pot onto Terry and then hit him with the hot pot. As a result of the attack, Terry suffered burns to his chest, waist and arm, as well as a broken hand. Terry sues Case Manager Rich, Officer Washington and Deputy Warden Hawk for money damages for failing to protect him from his cell mate.

Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). "[I]n order to state a section 1983 claim against prison officials for failure to protect, [a plaintiff] must establish: (1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendants acted with deliberate indifference to his health or safety." *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). The plaintiff must establish "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can

be inferred from the defendant's failure to prevent it." *Id.* In failure to protect cases, substantial risks are ones "so great that they are almost certain to materialize if nothing is done." *Brown v. Budz*, 398 F.3d 904, 911 (7th Cir. 2005). In such cases, "a prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety." *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996).

Terry alleges to have conveyed a specific threat to his safety when he spoke with Case Manager Rich and Officer Washington. However, neither of those two individuals moved Terry or conveyed those threats to an official who could move Terry. Giving Terry the inferences to which he is entitled at this state of the proceedings, the complaint plausibly alleges a failure to protect claim against these two defendants under the Eighth Amendment.

Deputy Warden Hawk, however, is another matter. The complaint and accompanying documents make clear that Hawk was never informed that there was any specific threat to Terry's safety. ECF 1-1 at 5. The only thing Hawk knew was that Terry and his cell mate were generally not getting along with one another. Since Hawk was never informed of any of the existing threats, she cannot be held liable for failing to protect Terry. *Pope*, 86 F.3d at 92. Thus, the complaint does not state a claim against Hawk.

Next, Terry sues Warden Kathy Griffin and Major Tucker. Following the attack, Terry filed a grievance, but the grievance specialist never responded. Terry wrote to

Warden Kathy Griffin and Major Tucker about not receiving a response. He complains that they did not do anything. ECF 1-1 at 5. This presents no basis for a claim against them. To start, neither Griffin nor Tucker were personally responsible for responding to Terry's grievance. The "view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor . . . and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate [his] claims, and then collect damages from all 1,000 recipients . . . ." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). As *Burks* explains, "[s]ection 1983 does not establish a system of vicarious responsibility" and "public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 593 (7th Cir. 2009). Regardless, even if these two defendants were personally involved in Terry's grievance not being responded to, that would still be insufficient to trigger constitutional liability. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) (noting that there is no constitutional right to file a prison grievance, nor is there a constitutional obligation for a governmental official to respond to a grievance). Thus, Terry fails to state a claim against these defendants.

As a final matter, Terry sues Nurses Sherri L. Swearingen and Kimberly Myers for not "properly" treating his injuries following the attack. Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2)

the defendant acted with deliberate indifference to that medical need. *Farmer*, 511 U.S. at 834. A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). On the subjective prong, the plaintiff must establish that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

Here, Terry does not explain how or why he believes either of these nurses were deliberately indifferent to his injuries. The simple fact that he may not have gotten the specific care he wanted does not state a constitutional claim. *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Based on the medical records attached to the complaint, it is evident that Terry received immediate and prolonged medical care for his injuries. ECF 1-1 at pp. 13-25. Thus, as plead, it is not plausible to conclude that either nurse was deliberately indifferent to the injuries Terry sustained in the May 3, 2017, attack. If Terry has additional facts which he believes would state a claim, he may file an amended complaint.

For these reasons, the court:

(1) GRANTS Joshua Terry leave to proceed on a claim against Daniel C. Rich and

Officer Washington in their individual capacities for money damages for failing to protect him from the May 3, 2017 assault in violation of the Eighth Amendment;

(2) DISMISSES Sharon Hawk, Danny Tucker, Kathy Griffin, Kimberly Myers and Sherri L. Swearingen;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Daniel C. Rich and Officer Washington at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS Daniel C. Rich and Officer Washington, pursuant to 42 U.S.C. § 1997e(g)(2), to respond as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claims for which Joshua Terry has been granted leave to proceed in this screening order.

SO ORDERED on August 20, 2018.

/s/JON E. DEGUILIO
Judge
United States District Court